UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JIN K. CHUNG,<br><br>Defendant. | Case No. 19-cr-00302-JSW-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br><br>Re: Dkt. No. 61 |

Now before the Court is Defendant Jin K. Chung's motion to reduce his sentence pursuant to 18 U.S.C. section 3582(c)(2) and Part B of Amendment 821 to the United States Sentencing Guidelines ("the Guidelines"), which the Sentencing Commission has determined apply retroactively. The Court concludes a response from the Government is not required.

Having carefully considered Defendant's position, the applicable law, and the record in this case, the Court hereby DENIES the motion, for the reasons stated below.

**BACKGROUND**

Defendant pleaded guilty to engaging in monetary transactions in property derived from specific unlawful activity in violation of 18 U.S.C. section 1957. Defendant and Peter Son started two companies and falsely advertised them as having a distinguished record of success in foreign exchange trading. (Dkt. No. 36, Plea Agreement, ¶ 2.) Defendant lured potential investors with false promises of annual returns of between 24 and 36%. (*Id*.) Based on these false advertisements, hundreds of investors opened accounts and deposited money with Defendant's businesses, which then sent monthly statements to investors that falsely reported earnings accrued. (*Id*.) Defendant and Peter Son controlled these accounts and transferred money from them to pay purported investment returns to investors and to pay for their own personal expenses. (*Id*.) In October 2008, without advance notice to employees or clients, Defendant and Son closed these

businesses.  (*Id.*)  In the last 90 days before closing the businesses, Defendant cumulatively transferred $632,000 of investors' money into his own personal account.  (*Id.*)  Between 2000 and 2008, at least 400 victims who invested in Defendant's businesses suffered a total loss of $60,302,886.59.  (*Id.*)

On December 5, 2019, the Court imposed a sentence of 120 months followed by a three-year period of supervised release.  (Dkt. No. 50, Transcript of Judgment and Sentencing Proceedings, at 38:21-25.)  After sentencing, the Court received notice of dozens of additional claims from victims.  (Dkt. No. 51, United States' Memorandum Re Restitution, at 4:10-18.)  On February 18, 2020, the Court imposed restitution in the amount of $63,524,817.40.  (Dkt. No. 55, Amended Judgment in a Criminal Case, at 6.)

Defendant has been incarcerated at FCI Lompoc to serve out his 10-year sentence.  Defendant represents that he "has been working hard and attempting to complete as many Department of Justice, BOP Evidence Based Recidivism Reduction classes and programs while incarcerated," and that he has been making his required payments towards his restitution balance.  (Dkt. No. 61, Motion, at 3.)  Defendant claims that he has "demonstrat[ed] model inmate behavior."  (*Id.*)

On February 9, 2024, Defendant filed the instant *pro se* motion to reduce his sentence.  The Federal Public Defender filed a statement that it does not intend to assume representation but otherwise takes no position on the motion.  (Dkt. No. 62.)

**ANALYSIS**

A.      **Applicable Legal Standard.**

A final judgment, including a sentence of imprisonment, may not be modified by the court except in limited circumstances.  18 U.S.C. § 3582(b).  One "narrow exception to the rule of finality" is a sentence reduction under 18 U.S.C section 3582(c)(2).  *Dillon v. United States*, 560 U.S. 817, 827 (2010).  Section 3582(c)(2) permits the Court to reduce a sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)… after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission." 18 U.S.C § 3582(c)(2). The factors set out in Section 3553(a) require a court to impose a sentence that is "sufficient, but not greater than necessary" to achieve the aims of deterrence, rehabilitation, and respect for the rule of law. 18 U.S.C. § 3553(a).

In *Dillon,* the Supreme Court delineated a two-step procedure under Section 3582(c)(2). 560 U.S. at 827. First, the Court must determine if an amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. *Id.* at 826. Second, the Court must consider applicable Section 3553(a) factors and determine if they support such a reduction "under the particular circumstances of the case." *Id.* at 827.

**B.     Amendment 821 Lowered the Applicable Guideline Range to 97-121 months.**

Defendant moves for a reduction in his sentence under Part B of Amendment 821 to the Sentencing Guidelines. Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and made retroactive changes to the status points which may adjust a defendant's criminal history category under the Guidelines. USSG § 4C1.1.

Amendment 821 is divided into Parts A and B. Part B concerns so-called "zero-point offenders" with no criminal history points and provides for a two-level reduction in the offense level for certain defendants with no criminal history. *Id*.

Defendant had no criminal history points at the time of sentencing. (Dkt. No. 38, Probation Presentence Report, ¶ 36.) He is a "zero-point offender." The sentencing range was originally 121 to 151 months. Assuming Amendment 821 were to apply, the amended range would be 97-121 months.

**C.     Section 3582(c)(2) Authorizes the Court to Consider a Term Below the Amended Range.**

In *Dillon,* the Supreme Court held that courts generally may " 'not reduce the defendant's term of imprisonment under 18 U.S.C. Section 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range.' " 560 U.S. at 827 (quoting USSG § 1B1.10(b)(2)). However, "[o]nly if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court … to impose a term 'comparably' below the

3

amended range." *Id.*

Here, the Court imposed a term of imprisonment one month below the then-applicable minimum guideline range of 121 months. During the sentencing hearing, the Court noted that the statutory maximum was lower than the minimum guideline range for Defendant's conduct:

> [T]he statutory maximum is below the Guideline range that's applicable to Mr. Chung's case. The Guideline range . . . is 121 to 151 months. So 121, the low end, is higher than the statutory maximum, and the Court is limited by the statutory maximum.

(Transcript of Judgment and Sentencing Proceedings, at 36:6-10.) Under *Dillon*, because the original sentence was below the original range, Section 3582(c)(2) permits the Court to consider a term comparably below the amended range.

### D. Defendant Is Ineligible for a Sentence Reduction under USSG Section 4C1.1 Because His Conduct Caused Substantial Financial Hardship.

Defendant has not met the criteria for a sentencing reduction under USSG section 4C1.1. In order to obtain relief, Defendant's offense must not have involved one of several aggravating factors, including that Defendant "did not personally cause substantial financial hardship." USSG § 4C1.1. In evaluating what counts as a substantial financial hardship, the Sentencing Commission has stated that a court must consider, among other issues, whether the offense resulted in the victim becoming insolvent; suffering substantial loss of a retirement, education, or other savings or investment fund; making substantial changes to employment, such as postponing retirement plans; and making substantial changes to living arrangements, such as relocating to a less expensive home. USSG § 2b1.1. Summarizing these factors, the Ninth Circuit held that "substantial financial hardship" means that "the victims suffered a loss that was significant in light of their individual financial circumstances." *United States v. George*, 949 F. 3d 1181, 1184 (9th Cir. 2020).

Here, Defendant admitted to defrauding more than 400 victims of more than $60 million dollars. At the sentencing hearing, several victims testified that they lost retirement savings, (Transcript of Judgment and Sentencing Proceedings, at 5:8-12; 7:16); others testified they lost their entire life savings, (*id.* at 15:8); others their savings for their children's education, (*id.* at

7:17); still others their savings to finish school and to establish personal independence, (*id.* at 10:24-11:4); and some victims testified that they lost contact with their families, contemplated suicide, and lost a sense of pride and self-worth, (*id.* at 7:23-8:3).  Hundreds of additional victims submitted impact statements and restitution requests.  Finally, Defendant's plea agreement included an uncontested six-point upward enhancement for "causing financial hardship to more than 25 victims."  (Plea Agreement, at ¶ 7.)

The evidence of substantial financial damage to hundreds of innocent victims was overwhelming.  Defendant's conduct easily meets the definition of "causing substantial financial hardship" under USSG section 4C1.1 and as outlined by the Ninth Circuit in *United States v. George*.  *See also United States v. Zogheib*, No. 00057-JAD-VCF, 2024 WL 3202975, at *9 (N.D. Cal., Jun. 26, 2024) (finding that the defendant "plainly" caused substantial financial hardship in executing a one-million-dollar fraud scheme).  Defendant is thus ineligible for a sentence reduction under Amendment 821.

## CONCLUSION

For the reasons stated above, Defendant's motion to reduce his sentence is DENIED.

**IT IS SO ORDERED.**

Dated: October 29, 2024

_____
JEFFREY S. WHITE
United States District Judge